IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONNIE SCROGGINS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-1558-L** |
| § | |
| **AIRGAS USA, LLC,** § | |
| § | |
| Defendant. § | |

## ORDER

On February 21, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered, recommending that the court grant Defendant's Motion to Dismiss (Doc. 5) but dismiss without prejudice all of Plaintiff's employment law claims against Defendant based on alleged disparate treatment, hostile work environment, and retaliation under federal law. The magistrate judge further recommends that, if Plaintiff fails to cure the deficiencies identified within 14 days of the undersigned's acceptance of the Report, Plaintiff's claims against Defendant should be dismissed with prejudice upon Defendant's reurging. No objections to the Report were filed by Plaintiff or Defendant.

In responding to Defendant's Motion to Dismiss, Plaintiff requested to amend his pleadings regarding his retaliation claim. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance

of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Consideration of these factors weigh in favor of allowing Plaintiff to amend his pleadings. Although he did not file any response or objections to the Report, Plaintiff has not previously amended his pleadings. Additionally, while Plaintiff is represented by counsel,[*] the court agrees with the magistrate judge that it is unclear whether he has stated his "best case."

Accordingly, having considered the Motion to Dismiss, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **grants** Defendant's Motion to Dismiss (Doc. 5) and **dismisses without prejudice** all claims by Plaintiff in this action. By **June 20, 2024**, Plaintiff shall file an amended complaint that cures the deficiencies identified in the Report. If Plaintiff wishes to allege any new claims not previously included in his Complaint (Doc. 1), he must first comply with Rule 15(a)(2) by seeking and obtaining leave of court or Defendant's consent. Failure to do so will result in any new claims being stricken without further notice. Further, failure of Plaintiff to file an amended complaint by June 20, 2024, will result in his claims and this action being dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is so ordered this 5th day of June, 2024.

                                                Sam A. Lindsay
                                                United States District Judge

---

[*] The Report mistakenly indicated that Plaintiff is proceeding pro se.

**Order – Page 2**